# Houlon Berman

## HOULON, BERMAN, FINCI & LEVENSTEIN, LLC

### ATTORNEYS AT LAW

Victor A. Houlon (1941 – 2001)
Sanford Z. Berman*
Richard A. Finci*
Alan D. Levenstein*
Jeremy R. Feldman*
Claire E. Knowlton*
Larry N. Burch*-*of counsel*
John Patrick Kudel, P.A.-*of counsel*
*also admitted in DC*

**Please Reply to:**

7850 Walker Drive
Suite 160
Greenbelt, MD 20770

Tel: 301.459.8200
Fax: 301.459.5721

E-mail: hb@houlonberman.com
Website: www.houlonberman.com

July 12, 2022

Judge Paul W. Grimm
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

Re:   *United States of America vs. Jeffrey Wayne Spencer*
      Case No. 8:21-cr-00481 in the United States District Court for the District of Maryland
      Discovery Dispute Letter per Court's Standing Order 2020-01

Dear Judge Grimm,

      Pursuant to Paragraph 4 (b) of the Court's Standing Order 2020-01, this letter is submitted to address an ongoing Discovery dispute that the parties have not been able to resolve. Through a series of e-mails and letters, the parties have attempted to resolve this dispute with only limited success. Thus, the Defense is seeking an Order of the Court that certain additional Discovery be provided under conditions that the Court may deem fit.

      The Defendant has requested full Discovery regarding the two alleged controlled buys set forth in the Affidavit in Support of the Search Warrant issued by a Prince Georges County Circuit Court Judge authorizing the search of an apartment. The evidence found in the apartment led directly to the substantive charges in the Superseding Indictment. These buys were made by a "confidential source" who is further described in a conclusory manner as "past proven reliable" and are alleged within the Affidavit to have directly involved the Defendant, known to the source as "Jefe."

      Upon investigation by the Defense, it was immediately apparent that the controls alleged to have been in place to obviate the need to establish the credibility of the confidential source were misleadingly described in the Affidavit. The buys were described as having been made inside an apartment building with the Detective averring that, "investigators maintained visual surveillance on the confidential source to 1403 Southern Ave., Oxon Hill, Maryland. The confidential source then entered apartment 104." However, investigation reveals that the Detectives could not have seen the confidential source enter apartment 104, which is not visible from the street. Moreover, the apartment is in an area with easy access to public areas within the building where drugs could have been pre-stashed and buy money hidden away, and it was impossible for the Detective affiant to have watched the informant make the buys. These controlled buys were neither video nor audio recorded.

      Thus, the Defendant requested additional Discovery focused on obtaining evidence about the circumstances of the controlled buys and for the completely omitted information about the informant's credibility. This information is necessary in order for the Defense to be able to make a substantial preliminary, non-conclusory showing in support of a <u>Franks</u> motion. As a result of these requests and responsive Discovery letters, Defendant obtained some additional information, learning that:

*Houlon Berman*
HOULON, BERMAN, FINCI & LEVENSTEIN, LLC

*Letter to Judge Paul W Grimm*
*July 12, 2022*
*Page 4*

1) The Affidavit falsely states that the first controlled buy was from "Jefe" (allegedly Jefe is the Defendant) when in fact it was made from some other individual. (Discovery Letter 4)
2) The Affidavit does not disclose that the confidential informant is employed by the MPD as a paid informant. (Discovery Letter 5)
3) The Affidavit does not disclose that the informant was paid for the buys he made in this case. (Discovery Letter 5). It was disclosed that the informant was paid $200 for each alleged buy in this case and $2,000 after the Search Warrant was executed. (Discovery Letter 7)
4) The Affidavit does not disclose that the informant has a criminal history. (Discovery Letter 5)
5) The affidavit does not disclose that the informant has a history of drug use (but is allegedly in recovery). (Discovery Letter 5).

Upon receipt of Discovery Letter 5, undersigned counsel sent an email to the Government on May 29, 2022, requesting the following additional disclosures:

1) The criminal history of the confidential source.
2) The amount paid to the informant for past law enforcement activity and for providing information to law enforcement.
3) The amount paid for information provided in this case before and between the buys.
4) The nature of source's prior drug use and the source and details of the Government's contention that the source is "in recovery."
5) The circumstances whereby the confidential source became a paid informant.

Prior to the last Status call with the Court on June 2, 2022, Counsel discussed this most recent request for information in an effort to resolve this Discovery dispute, pursuant to Standing Order ¶4(a). The Government objected to providing this information, citing both relevancy and Law Enforcement privilege. The Government asserted that the informant would be endangered if the disclosures were made. The Government provided Letter 7 on July 1, 2022, disclosing amounts paid to the informant in this case, but refusing to provide any further information, nor any information about drug use or criminal history. The Government insists that the Affiant's declaration that the, "confidential informant has proven reliable and truthful through numerous tips and controlled purchases that have been corroborated..." is sufficient to satisfy the Discovery demands being made by the Defense to address the Franks issues at hand.

Undersigned counsel asserts that the requested Discovery was relevant and material to establishing the basis for a Franks hearing and making a substantial preliminary showing that, in addition to false statements, material omissions either designed to mislead or made with reckless disregard of whether they would mislead, were extant in this case. See United States v. Colkley, 899 F. 2d 297, 301 (4th Cir. 1990) and United States v. Lull, 824 F. 3d 109 (4th Cir. 2016). The source's status as a paid informant is particularly material. A long line of cases have noted that informant's should be subjected to a higher degree of scrutiny as to both "weight and credibility." See, e.g., United States v. Levenite, 277 F. 3d 454 (4th Cir. 2002). Merely providing the amounts paid to the confidential informant for the buys and the search warrant execution in this case is not nearly sufficient information to weigh his/her credibility. The amounts paid to the informant for prior cases are necessary to weigh the financial motives of the informant and failing to include that information is certainly a material omission in this case where the buys were not controlled as averred in the Affidavit. The informant's criminal history is also relevant to a determination of his credibility. See e.g. United States v. Haas, 986 F.3d 467, 474 (4th Cir. 2021) (Court considered that an informant's criminal

*Houlon Berman*
**HOULON, BERMAN, FINCI & LEVENSTEIN, LLC**

*Letter to Judge Paul W Grimm*
*July 12, 2022*
*Page 3*

history was unrelated to the charged conduct in finding that the criminal history did not undermine the informant's credibility in an affidavit).

The Government cannot withhold the requested Discovery about the confidential informant's history, financial incentives, and credibility under the informant's privilege because the privilege, "must . . . give way when the informant . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." United States v. Smith, 780 F.2d 1102, 1107 (4th Cir. 1985) (en banc) (internal quotation marks omitted). To determine whether disclosure is warranted, a court must consider the "particular circumstances of [the] case," including the crime charged, the possible defenses, the possible significance of the informant's testimony, and any other relevant factors. United States v. Davis, 839 F. App'x 796, 797 (4th Cir. 2021) quoting Roviaro v. United States, 353 U.S. 53, 62 (1957).

Here, the informant is more than a mere tipster or someone who introduced the defendant to a Government agent who conducted a drug transaction; the informant was the **sole** government agent who participated in the buys that formed the basis for the search warrant and the only witness who can testify as to whether the Defendant was, in fact, the party who participated in the alleged buys. E.g. United States v. Price, 783 F.2d 1132, 1139 (4th Cir. 1986) (disclosure required where the informant did much more than tip off the government, but actually set up the deal as a necessary party to telephone negotiations, and the only witness who can testify as to whether Price was, in fact, the party on the telephone participating in the negotiations); compare United States v. Davis, 839 F. App'x 796, 797 (4th Cir. 2021) (unpublished) (disclosure not required where the informant introduced Davis to the undercover officer, and was present at one of three drug transactions between Davis and the officer).

Neither can the Government withhold the information due to the defense's need to use it to make the showing necessary for a Franks hearing. In consideration of the Brady issues involved, the Defendant must be permitted to learn more about the informant in order to satisfy fundamental requirements of fairness. The Defendant has already shown that law enforcement falsely described the transaction as a "controlled buy" without employing safeguards to ensure that the transaction was "controlled." The Affidavit also contains multiple material omissions the inclusion of which would have vitiated against a probable cause finding. In response to defense requests, the Government revealed that the informant was paid, that he had both a criminal history and a history of drug abuse, and that the Affidavit contained an erroneous averment that the Defendant was the seller. Through investigation, the Defense has uncovered additional errors in the Affidavit, including the impossibility of the statement that the officers observed the transaction. This preliminary showing confirms that the Defendant is not on a fishing expedition. Without this additional disclosure, it would be impossible for this Defendant or, for that matter, any similarly situated defendant, to make the non-conclusory, preliminary showing necessary for a Franks hearing.

Defendant's right to pursue a Franks Hearing and information regarding this informant which was not disclosed in the Affidavit outweigh any Law Enforcement claim of privilege. Undersigned counsel also suggested, as a compromise, that the information be provided to the Court for in camera review and determination of whether and if so, how this material should be disclosed to the Defense.

May I remain,

Very truly yours,

Richard A. Finci, Esquire