

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | | |
|---|---|---|---|
| *Patrick Kibbe* | *Mailing Address:* | *Office Location:* | DIRECT: 301-344-0872 |
| *Special Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | MAIN: 301-344-4433 |
| *Patrick.Kibbe@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | FAX: 301-344-4516 |

August 15, 2022

Hon. Paul W. Grimm
United States District Judge
United State District Court for the District of Maryland

Re:  *United States v. Jeffrey Wayne Spencer*
     Criminal No. PWG-21-481

Dear Judge Grimm:

The Defendant's exhibits and reply letter provide no basis to compel discovery of the requested information regarding the Confidential Informant. As explained in the Government's response, the requested information is not discoverable for purposes of a *Franks* motion and is privileged. The Defendant's exhibits provide a visual representation of the apartment building located at 1403 Southern Avenue, Apartment 104. They do not shift the *Franks* inquiry away from the search warrant affiant, Detective Lewis, to the Confidential Informant, or defeat the informer's privilege.

The Defendant's exhibits and argument are irrelevant to the motion to compel discovery before the Court. Specifically, the Defendant's exhibits and argument purport to demonstrate that law enforcement could not have seen the Confidential Informant enter Apartment 104, and that the search warrant affidavit falsely claims that the Confidential Informant was "watched during the entire performance." To begin with, the search warrant affidavit says no such thing. Moreover, if anything, these are arguments for a *Franks* hearing to challenge alleged omissions and false statements in the search warrant affidavit. They are not a basis for discovery into the background of the Confidential Informant. *See Franks v. Delaware*, 438 U.S. 154, 171(1978) (explaining that "[t]he deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant."); *United States v. Gray*, 47 F.3d 1359, 1365 (4th Cir. 1995) (denying defendant's request for discovery regarding confidential informant to possibly "garner evidence entitling him to a *Franks* hearing to invalidate the search."); *see also United States v. Smith,* 780 F.2d 1102, 1108 (4th Cir. 1985) (*en banc*) ("Disclosure is not required despite the fact that a criminal defendant may have no other means of determining what relevant information the informant possesses."); *United States v. Dyer*, 2014 WL 1795572, at *4 (E.D. Va. May 6, 2014) (denying request for confidential informant discovery that was requested to determine whether search warrant was supported by probable cause); *see also Gov. Response*, ECF No. 37, at 2.[1]

Regarding the Defendant's other arguments, the Court need only apply common sense to see how the requested discovery would "tend to reveal" the identity of the confidential informant and endanger the Confidential Informant's safety. *Roviaro v. United States*, 353 U.S. 53, 60 (1957); *Founding Church of*

---

[1] Apart from the Defendant's exhibits and arguments, the Defendant correctly notes that the search warrant affidavit does not state that the Confidential Informant received payments from the FBI. Rather, the search warrant affidavit states that the FBI provided the funds to complete the controlled purchases. The Government clarifies its response on this point. However, for the reasons explained above, this does not provide a basis for discovery in the Confidential Informant.

*Scientology of Washington, D.C., Inc. v. Dir., F.B.I.*, 104 F.R.D. 459, 467 (D.D.C. 1985). The Defendant has requested disclosure of the Confidential Informant's criminal history, prior drug use, work and payments in other cases, and the circumstances by which the Confidential Informant began working with law enforcement. Each of these categories of information would provide concrete details about the Confidential Informant that could identity the Confidential Informant. For example, the Confidential Informant's criminal history would not only link the Confidential Informant to specific court cases, but also provide information on geography, age, and background that could distinguish the Confidential Informant from among those who purchased drugs from the Defendant. Likewise, further specifics on the Defendant's drug use and recovery would provide personal details regarding the Confidential Informant that could distinguish the Confidential Informant from among those to whom the Defendant sold drugs. The Confidential Informant's work on other cases and the circumstances by which the Confidential Informant began working with law enforcement would link the Confidential Informant to other individuals, locations, and law enforcement activities that could easily reveal the Confidential Informant's identity. Given the circumstances of this case and the safety risks facing confidential informants in general, the Court can and should take seriously the concerns of the Confidential Informant's safety. *See United States v. Smith*, 780 F.2d at 1107 ("[T]he safety and security of the person supplying the information is best protected by nondisclosure of his identity to those who may cause him harm."); *United States v. Davis*, 839 F. App'x 796, 797 (4th Cir. 2021) (affirming district court's denial of confidential informant discovery "in light of the facts of the case and the importance of protecting the safety of confidential informants"). In addition, the informer's privilege is not just based on the safety of the Confidential Informant, but the *public's interest* in effective law enforcement. *See Roviaro v. United States*, 353 U.S. at 59 ("The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement."); *United States v. Smith*, 780 F.2d at 1107 ("[T]he public interest is served by nondisclosure because it encourages persons to come forward with information that can aid effective law enforcement.")

Moreover, there is no basis for the Defendant to have this privileged information to begin with. The core of Defendant's argument is that he requests information about the informant's credibility and veracity to attempt to establish that the search warrant affidavit contained material omissions. As explained above, under Fourth Circuit precedent, the Defendant is not entitled to fish for such information. And where, as here, the Confidential Informant was used solely for obtaining a search warrant, such information is privileged. *See United States v. Gray*, 47 F.3d 1359, 1365 (4th Cir. 1995); *United States v. Bell*, 901 F.3d 455, 467 (4th Cir. 2018); *United States v. Robinson*, No. 2011 WL 1549416, at *5 (M.D.N.C. Apr. 21, 2011), *aff'd*, 471 F. App'x 118 (4th Cir. 2012); *United States v. Solomon*, 2011 WL 1704721, at *18 (M.D.N.C. May 4, 2011), *aff'd*, 480 F. App'x 732 (4th Cir. 2012); *see also Gov't Response*, ECF No. 37, at 3.

Therefore, for these reasons and those explained in the Government's response letter, the Defendant's request for discovery regarding the Confidential Informant should be denied.

    Very truly yours,

    Erek L. Barron
    United States Attorney

By:    /s/
    Patrick D. Kibbe
    Special Assistant United States Attorney
    Adam K. Ake
    Assistant United States Attorney