IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          :

                               :

   v.                          :    Criminal Case No. DKC 21-481

                               :

JEFFREY WAYNE SPENCER              :

                               :

**MEMORANDUM and ORDER**

Defendant Jeffrey Wayne Spencer ("Mr. Spencer") has filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821").  (ECF No. 86).  For the reasons that follow, the motion will be denied.

Mr. Spencer pleaded guilty to possession with intent to distribute controlled substances (Count One) and illegal possession of machineguns (Count Two) on June 1, 2023, pursuant to a plea agreement under Fed. R. Crim. Proc. 11(c)(1)(C).  He was sentenced on October 16, 2023, to 144 months in prison consisting of 144 months on Count One and a concurrent term of 120 months on Count Two.  He did not appeal.

The Clerk received a letter from Mr. Spencer on December 27, 2023, requesting representation so that a motion could be submitted on his behalf to reduce his sentence under Amendment 821.  (ECF No. 86).  On December 29, 2023, the Clerk sent Mr. Spencer a letter advising that the Federal Public Defender was appointed to

preliminary review motions and, if it was determined that he qualified, would file a motion with the court on his behalf. (ECF No. 87). Assistant Federal Defender Sapna Mirchandani filed a notice on June 5, 2024, advising that the Office of the Federal Public Defender would not be filing a supplement to Mr. Spencer's motion. (ECF No. 91).

"Ordinarily, a federal court may not 'modify a term of imprisonment once it has been imposed.' This 'rule of finality,' however, 'is subject to a few narrow exceptions.'" *United States v. Gary*, No. 08-cr-0086-JKB, 2024 WL 1641007, at *1 (D.Md. Apr. 16, 2024) (first quoting 18 U.S.C. § 3582(c); and then quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). For instance, 18 U.S.C. § 3582(c)(2) provides that a court may "lower the sentence of a defendant who was 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' if the . . . reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). In addition, under 18 U.S.C. § 3582(c)(2), "a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *Id.* (citing *United States v. Riley*, No. 13-cr-0608-ELH, 2022 WL

9361679, at *5 (D.Md. Oct. 14, 2022)). Part A of Amendment 821 ("Part A") retroactively alters the application of the Sentencing Guidelines of certain offenders who (1) earned criminal history "status points" based on the commission of an offense while serving a criminal justice sentence, or (2) were assessed zero criminal history points at the time of sentencing.

Mr. Spencer asserts that he qualifies for a sentence reduction under Amendment 821 because he has zero criminal history points. With regard to "zero-point offenders," the Commission's amendment adds a new Section 4C1.1, which reduces by two offense levels the guideline range for defendants with zero criminal history points. The two-level reduction, however, is not available under this provision to a defendant if one of the exceptions stated in the new guideline applies.

§4C1.1.   *Adjustment for Certain Zero-Point Offenders*

(a) *Adjustment*.—If the defendant meets all of the following criteria:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848

Mr. Spencer does not qualify for a two-level decrease in the offense level because he pleaded guilty to, and was convicted of, possession of machineguns. Accordingly, it is this 2nd day of July, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

1.  The motion requesting the appointment of counsel filed by Defendant Jeffrey Wayne Spencer (ECF No. 86) BE, and the same hereby IS, DENIED because there is no general right to

representation in post-conviction proceedings.  Mr. Spencer's case does not present a complicated or unresolved legal question and the appointment of an attorney would not have remedied the outcome;

    2.    The motion for a sentence reduction under Amendment 821 filed by Jeffrey Wayne Spencer (ECF No. 86) BE, and the same hereby IS, DENIED; and

    3.    The Clerk will mail a copy of this Order to Mr. Spencer and transmit a copy to counsel of record.

                                      /s/
                              DEBORAH K. CHASANOW
                              United States District Judge